1014

Charles P. SKOURAS et al., Trustees of Fox West Coast Theatres, a Corporation, Appellants, v. T. L. TALLY and Pacific Mutual Life Insurance Company of California, Appellees.

No. 7432.

Circuit Court of Appeals, Ninth Circuit.

Nov. 26, 1934.

O'Melveny, Tuller & Myers and Reuben G. Hunt, all of Los Angeles, Cal., for appellants.

Edgar K. Brown and Leo B. George, both of Los Angeles, Cal., for appellees.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

PER CURIAM.
Upon stipulation of counsel for respective parties, ordered appeal dismissed, with prejudice; each party to pay its own costs.

Lottie SOCOLOV, as Guardian ad Litem of Edward L. Berger, an Incompetent Person, Appellant, v. UNITED STATES of America, Appellee.

No. 109.

Circuit Court of Appeals, Second Circuit.

Dec. 3, 1934.

Gazan & Caldwell, of New York City, for appellant.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y., Tompkins, Boal & Tompkins, of New York City (Arthur M. Boal, of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.
Decree (6 F. Supp. 916) affirmed.

---

S. S. KRESGE CO., Appellant, v. H. William SANDERS.

No. 10114.

Circuit Court of Appeals, Eighth Circuit.

Sept. 24, 1934.

Wayne Ely, of St. Louis, Mo., for appellant.

Bert F. Fenn, of St. Louis, Mo., for appellee.

PER CURIAM.
Appeal docketed and dismissed without costs to either party in this court, on motion of appellant and consent of appellee.

In the Matter of TOMAHAWK HYDRO-ELECTRIC CO., Bankrupt.

No. 5316.

Circuit Court of Appeals, Seventh Circuit.

Nov. 28, 1934.

G. M. Sheldon, of Tomahawk, Wis., for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

PER CURIAM.
It is ordered by the court that the petition of F. D. Werner, trustee in bankruptcy of the Tomahawk Hydro-Electric Company, bankrupt, that this court review and revise the order of the District Court of the United States for the Western District of Wisconsin, entered in this cause on July 31, 1934, dismissing the petition in bankruptcy, and vacating and setting aside the order of adjudication in bankruptcy, be, and the same is hereby, dismissed for want of jurisdiction.